UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PORTFOLIO SOLUTIONS, L.L.C.,

      Plaintiff,                                           Case No. 08-12751

v.                                                      Honorable John Corbett O'Meara

ETF PORTFOLIO SOLUTIONS, INC.,

      Defendant.
_____/

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S SEPTEMBER 15, 2008 MOTION TO DISMISS**

This matter came before the court on defendant ETF Portfolio Solutions' September 15, 2008 motion to dismiss for lack of personal jurisdiction. Plaintiff Portfolio Solutions filed a response October 21, 2008; and Defendant filed a reply October 31, 2008. Oral argument was heard January 8, 2009. For the reasons set forth below, the court will deny the motion.

**BACKGROUND FACTS**

Plaintiff Portfolio Solutions ("PS") provides investment management, fund investment, and portfolio management services to its clients. PS is a Michigan corporation located in Troy, Michigan. Plaintiff claims it has actively marketed, promoted, and sold financial services under its PORTFOLIO SOLUTIONS mark since at least July 1999. Over the years, it has achieved widespread recognition in the financial services industry, and its mark embodies the considerable goodwill of Plaintiff.

Defendant ETF Portfolio Solutions ("ETF") also provides financial services similar to those offered by Plaintiff. Plaintiff alleges that EFT, recognizing Plaintiff's valuable goodwill, changed

its name from Romey Capital Management, Inc., to ETF in order to capitalize on Plaintiff's success and industry fame.

Plaintiff filed suit June 27, 2008, alleging trademark infringement, unfair competition, and false designation in violation of the Trademark Act of 1946. Defendant filed this motion to dismiss for lack of personal jurisdiction. Defendant is a Kansas corporation with its principal place of business in Overland Park, Kansas.

## LAW AND ANALYSIS

A plaintiff seeking to establish personal jurisdiction bears the burden of demonstrating that jurisdiction properly exists. The court construes the facts in the light most favorable to the nonmoving party in reviewing a motion to dismiss pursuant to Rule 12(b)(2). Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 887 (6th Cir. 2002).

In this case Defendant is not subject to general jurisdiction because none of the following conditions apply: 1) it is incorporated under Michigan law, 2) it consents to personal jurisdiction in Michigan, 3) it carries on a continuous and systematic part of its general business within the state of Michigan. Mich. Comp. Laws Ann. § 600.711.

However, a non-resident corporate defendant is subject to limited jurisdiction if it has one of the following relationships with the forum state: 1) transacts any business within the state; 2) does or causes any act to be done, or consequences to occur, in the state resulting in an action for tort; 3) owns, uses, or possesses any real or tangible personal property situated within the state; 4) contracts to insure any person, property, or risk located within the state at the time of contracting; or 5) enters into a contract for services to be performed or for materials to be furnished in the state by the defendant. Mich. Comp. Laws Ann. § 600.715.

The second subsection of the long-arm statute confers jurisdiction in instances where either the defendant's tortious conduct or the injury resulting from the tortious conduct occurs in Michigan. Green v. Wilson, 455 Mich. 342, 352 (1997). The United States Court of Appeals for the Sixth Circuit has held that trademark infringement is a tort. See Bird v. Parsons, 289 F.3d 865, 871 (6th Cir. 2002). Furthermore, the economic harm suffered as a result of trademark infringement occurs not only where the plaintiff does business, but also in the state where its primary office is located. Id. at 876.

In this case Defendant's alleged tortious conduct would have injured Plaintiff in Michigan. Therefore, the requirements of Michigan's long-arm statute have been satisfied and personal jurisdiction exists.

After the existence of personal jurisdiction is established, a court's exercise of that jurisdiction must comport with the requirements of constitutional due process. In order to satisfy the requirements of due process, a defendant must have certain "minimum contacts" with the forum state so that subjecting it to suit in the forum state would not "offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Minimum contacts exist when a defendant's "conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

The Sixth Circuit has established a three-part test to determine whether a court may exercise limited jurisdiction over an out-of-state defendant consistent with the requirements of due process.

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences

> caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Neogen, 282 F.3d at 890.  In this case, because the alleged infringing contact was intentional (again allegedly), Defendant could reasonably anticipate being haled into court in Michigan.

Furthermore, personal jurisdiction may be exercised over an out-of-state defendant depending upon the interactivity of its website.  If a defendant's website is deemed "highly interactive," (*i.e.,*"gives others the ability to download and enter into contracts"), a court can exercise personal jurisdiction over the defendant.  Audi AG & Volkswagen of Am., Inc. v. D'Amato, 341 F. Supp. 2d 734, 742-43 (E.D. Mich. 2004).  The second "middle ground" category of website interactivity is characterized by the ability to exchange information between the user and the host.  "In such a case, the court examines the level of interactivity and the commercial nature of the exchange of information."  Id.  The last category of website interactivity, in which the defendant merely makes information available on an otherwise passive website, generally does not serve to confer jurisdiction.  Id.

In this case Defendant concedes that its website is not a passive website.  Individuals visiting the site are invited to do more than merely request additional information.  Instead, individuals may download and complete a Confidential Investment Questionnaire, and Defendant will "send you a detailed report showing which of our model portfolios best fits your risk and return objectives."  Ex. 1.  In addition, individuals are able to purchase a book concerning financial investments authored by Defendant's president, Richard D. Romey, directly from the website.  The fact that users are directed to a PayPal site to submit payment for the book is irrelevant.  Accordingly, the court finds that Defendant has purposely availed itself to this forum for purposes of personal jurisdiction.

## **ORDER**

It is hereby **ORDERED** that Defendant's September 15, 2008 motion to dismiss is **DENIED.**

s/John Corbett O'Meara  
United States District Judge

Date:  January 15, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 15, 2009, by electronic and/or ordinary mail.

s/William Barkholz  
Case Manager